OPINION
{¶ 1} Defendant-appellant, Robert Sutts, appeals his convictions in the Warren County Court of Common Pleas for violating a temporary protection order. We affirm the convictions.
 {¶ 2} On September 12, 2002, a warrant was issued for appellant's arrest, and a temporary protection order was issued which named Dianne Muennich, appellant's ex-wife, as the alleged victim. The protection order prohibited appellant from having any contact with Muennich. In addition to prohibiting physical contact, the protection order specifically prohibited telephone calls and letters. Appellant was arrested on September 14, 2002. At his arraignment on September 17, 2002, the trial court apprised appellant of the prohibitions contained in the protection order. In spite of the order, appellant subsequently made telephone calls to Muennich and sent her letters.
 {¶ 3} Appellant was indicted on five counts of violating a protection order in violation of R.C. 2919.27(A)(1). After a trial at which the state presented a tape-recorded telephone conversation between appellant and Muennich, and several letters from appellant to Muennich, a jury found appellant guilty and he was sentenced accordingly. Appellant appeals the convictions, raising two assignments of error. As our resolution of appellant's second assignment of error is determinative of the first assignment of error, we will address the second assignment of error first.
 {¶ 4} Assignment of Error No. 2:
 {¶ 5} "Appellant's convictions were against the manifest weight of the evidence and contrary to law."
 {¶ 6} In determining whether a conviction is against the manifest weight of the evidence, an appellate court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way, creating such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. The reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of syllabus.
 {¶ 7} Appellant was convicted of violating R.C. 2919.27, which provides that no person shall recklessly violate the terms of a protective order issued pursuant to R.C. 2919.26. The crux of appellant's argument is that the protection order he violated was invalid because the trial court failed to hold a full hearing on the matter as required by R.C.2919.26. Pursuant to this section, if a protection order is issued ex parte, as occurred in the present case, the trial court must conduct a hearing in the presence of the alleged offender "as soon as possible after the issuance of the order," and "not later than the next day on which the court is scheduled to conduct business." R.C. 2919.26(D). Appellant argues that the trial court's failure to hold such a hearing renders the protection order invalid, and that he cannot be convicted of violating an invalid order.
 {¶ 8} In factually similar circumstances, the First District Court of Appeals has agreed with appellant's argument. See State v. Finley,146 Ohio App.3d 548, 2001-Ohio-4347; State v. Franklin (June 22, 2001), Hamilton App. No. C-000544. In Finley, the First District Court of Appeals concluded that "no rational trier of fact could have concluded that [the defendant] recklessly violated a protection order," because the failure to hold the hearing required by R.C. 2919.26(D) rendered the order ineffective. Finley at ¶ 5.
 {¶ 9} However, the Fifth District Court of Appeals has taken a contrary stance. See Reynoldsburg v. Eichenberger (Apr. 18, 1990), Licking App. No. CA-3492. In Reynoldsburg, the court held that "[a]n order of the court must be obeyed unless and until a court finds it is invalid or rescinds it." Id., citing In re White (1978), 60 Ohio App.2d 62;United States v. United Mine Workers of America (1947), 330 U.S. 258. The court thus concluded that, even if a protection order is subsequently determined to be invalid, the defendant cannot avoid prosecution for deliberately disobeying the order before it is judicially rescinded.
 {¶ 10} This court has previously cited United Mine Workers approvingly for the proposition that an order of a court must be followed "until it is reversed by orderly and proper proceedings." Bd. Of Edn. of theHamilton City School Dist. v. Hamilton Classroom Teachers Assn. (1982),5 Ohio App.3d 51, 53 citing United Mine Workers at 293. We decline to follow the reasoning employed by the First District, and take this opportunity to reiterate that "[t]he interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of person and subject matter. One who defies the public authority and willfully refuses his obedience, does so at his peril." Hamilton Classroom Teachers Assn. at 53, quoting United MineWorkers at 293. We thus conclude that appellant's allegation that the protection order was invalid does not provide a defense to his willful violation of the order.
 {¶ 11} Appellant had knowledge of the existence and scope of the protection order prior to his multiple, willful contacts with Muennich. His convictions are consequently not against the manifest weight of the evidence. The second assignment of error is overruled.
 {¶ 12} Assignment of Error No. 1:
 {¶ 13} "Appellant was denied the effective assistance of counsel."
 {¶ 14} In order to demonstrate ineffective assistance of counsel, appellant must demonstrate that his counsel's actions were outside the wide range of professionally competent assistance, and that he was prejudiced as a result of counsel's actions. Strickland v. Washington
(1984), 466 U.S. 668, 669, 104 S.Ct. 2052. Prejudice will not be found unless appellant demonstrates there is a reasonable possibility that, if not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 15} In this assignment of error, appellant argues that his trial counsel was ineffective for failing to raise the issue of the validity of the protection order as a defense to the charges against him. However, as stated above, the validity of the order was not a valid defense to appellant's multiple violations of the order. Appellant consequently suffered no prejudice as a result of the alleged error, and his claim of ineffective assistance of counsel is without merit. The first assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Valen, J., concur.