DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, T. Craig Eschrich, appeals a judgment of the Ottawa County Court of Common Pleas and sets forth the following assignments of error:
 {¶ 2} "1. The trial court erred and abused its discretion in adopting the magistrate's decision thereby denying respondent [appellant] due process.
 {¶ 3} "2. The trial court erred in failing to hold an oral evidentiary hearing on the issue of whether notice of the hearing was received."
 {¶ 4} On December 28, 2005, appellee, Melisa A. Fahey, filed, pursuant to R.C. 2903.214, a petition for a civil protection stalking order. The petition alleged that appellant, who was appellee's attorney during her divorce proceedings, was stalking her. An ex parte temporary civil protection order was issued and a full hearing before a magistrate was scheduled for January 4, 2006. Appellant was personally served the order at his residence.
 {¶ 5} Although there is no transcript of any proceeding in the record on appeal, the docket of this case reveals that a hearing was held on January 4, 2006. In his brief on appeal, appellant asserts that a final hearing was continued at his request. Appellee agrees with this assertion, and the entry on the docket for January 4, 2006 notes that the hearing was continued. The next entry on the court's docket is dated January 27, 2006. That entry simply states the hearing was scheduled for February 15, 2006. There is no evidence in the record of this cause to show that this notice of the final hearing was ever mailed or delivered to appellant. On the same date as the hearing, the magistrate/judge[1] issued a final protection order prohibiting appellant from having any contact with appellee, her family, or her property for a period of ten years. A copy of the judgment was faxed to appellant at his office on February 27, 2006.
 {¶ 6} On February 28, 2006, appellant filed objections to the magistrate's decision,[2] as well as a motion to set aside the February 15, 2006 judgment. Appellant contended that he was never provided with notice of the February 15, 2006 hearing on appellee's petition. An affidavit in support of his objections avers that he never has delivery of any mail to his residence. Appellant also maintained that he did not receive a copy of the court's February 15, 2006 judgment.
 {¶ 7} On March 13, 2006, the trial court entered a judgment finding, in material part, that notice of the February 15, 2006 hearing "was issued to the [appellant's] address of record and was NOT returned as undeliverable." The court therefore overruled appellant's objections and denied his motion to set aside judgment. This timely appeal followed.
 {¶ 8} In his first assignment of error, appellant contends that his constitutional right to due process was violated by the trial court's failure to notify him of the February 15, 2006 hearing on the petition for a civil protection stalking order. For the following reason, we must agree.
 {¶ 9} The Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, require that every party to an action must be afforded "`a reasonable opportunity to be heard after a reasonable notice of such hearing.'" Ohio Valley Radiology Assoc. Inc. v. Ohio ValleyHosp. Ass'n. (1986), 28 Ohio St.3d 118, 125, quoting State exrel. Allstate Ins. Co. (1936), 130 Ohio St. 347, paragraph five of the syllabus. Thus, in order to satisfy constitutional due process, some form of reasonable notice of a trial date is required. Id. at 124. In the absence of a local rule governing the provision of notice of a trial date, constructive notice by the setting down of that date on the court's docket may satisfy the constitutional mandate. Id. See, also, Nalbach v. Cacioppo,
11th Dist. No. 2001-T-0062, 2002-Ohio-53, at ¶ 24; Grice v.Herbert Laronge, Inc (May 25, 1989), 8th Dist. Nos. 55333, 55359.
 {¶ 10} In the case under consideration, the trial court's docket contains the entry dated January 27, 2006, which repeats twice: "Scheduled for 02/15/06-Hearing." Therefore, we could, in the absence of a local rule, find that appellant had constructive notice of the full hearing/trial on appellee's petition. Ottawa County, however, has a local rule, which reads:
 {¶ 11} "RULE 33. ASSIGNMENT OF CIVIL CASES FOR TRIAL
 {¶ 12} "* * *
 {¶ 13} "33.01 All assignments of cases for trial shall be made by the Assignment Clerk with the approval of the Court at least two weeks prior to the date set for trial, unless otherwise ordered by the Court. However, no case shall be assigned for trial less than one week prior to the date set for trial without the consent of all counsel. Notice of the assignment of a caseset for trial shall be mailed or delivered forthwith to allinterested counsel." (Emphasis added.)
 {¶ 14} The record of the case before us discloses that appellant never received actual notice of the final hearing/trial on the merits of appellee's petition. Because such notice is required under Ottawa County's local rules, appellant was denied his constitutional right to due process. Accordingly, appellant's first assignment of error is found well-taken. Appellant's second assignment of error is thereby rendered moot.
 {¶ 15} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Skow, J. Parish, J. concur.
[1] The magistrate's decision was approved and adopted by the common pleas court judge on the same date.
[2] Civ.R. 53(E)(3)(a), as effective at the time of the court's judgment, allows the filing of objections to a magistrate's decision "regardless of whether the court has adopted the decision during the fourteen day period as permitted by Civ.R. 53(E)(4)(c)."