DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction entered by the Ottawa County Municipal Court after a jury found defendant-appellant, T. Craig Eschrich, guilty of recklessly violating a protection order, a first degree misdemeanor. Appellant now challenges that judgment through the following assignments of error: *Page 2 
 {¶ 2} "A. The trial court abused its discretion by failing to vacate its decision, upon timely motion by appellant, and further by proceeding to sentencing, because the civil protection order allegedly violated in this matter was overturned on appeal for want of notice, rendering the trial court's decision void ab initio for lack of jurisdiction.
 {¶ 3} "B. The trial court abused its discretion by sentencing appellant in disregard of the appellate court's decision vacating the civil protective order that was the legal and factual basis of the case against appellant.
 {¶ 4} "C. The trial court violated appellant's constitutional and procedural rights in failing to advise the defendant of his right to counsel."
 {¶ 5} Appellant is a licensed attorney who represented Melisa A. Fahey in her divorce. On February 15, 2006, the Ottawa County Court of Common Pleas in Fahey v. Eschrich, Ottawa County Common Pleas Case No. 05CVH-464, issued a final civil stalking protection order prohibiting appellant from having any contact with Melisa A. Fahey, her family or her property. Appellant filed objections to the magistrate's decision and a motion to set aside the judgment on the ground that he was never provided with notice of the February 15, 2006 final hearing on Fahey's petition. On March 13, 2006, the common pleas court entered a judgment overruling appellant's objections and denying the motion to set aside judgment. Appellant then appealed that ruling to this court.
 {¶ 6} Meanwhile, on February 22, March 4, and March 7, 2006, Fahey reported to the Catawba Island Police Department incidents in which appellant violated the protection order by slowly driving by her home and following her. Complaints were *Page 3 
ultimately filed against appellant regarding the February 22 and March 7 incidents, charging him with recklessly violating the terms of a protection order in violation of R.C. 2919.27(A), first degree misdemeanors. The cases proceeded to trial on September 19, 2006, at the conclusion of which a jury found appellant guilty of recklessly violating the protection order on March 7, 2006, but not guilty of the offense on February 22, 2006. The court referred the matter for a presentence investigation report and set the case for sentencing on November 15, 2006.
 {¶ 7} On October 27, 2006, however, this court filed a decision and judgment entry in the underlying case of Fahey v. Eschrich, 6th Dist. No. OT-06-012, 2006-Ohio-5619, in which we invalidated the civil stalking protection order because appellant never received actual notice of the final hearing on the merits of Fahey's petition. In light of this decision, appellant then filed with the trial court below a motion to vacate his conviction. The court denied the motion and proceeded to sentence appellant to 180 days incarceration with 150 days suspended on conditions. It is from that judgment that appellant now appeals.
 {¶ 8} Appellant's first and second assignments of error are related and will be discussed together. Appellant contends that the lower court erred in failing to dismiss his finding of guilt and in proceeding to sentencing because the civil protection order, which he was found to have violated, was void ab initio pursuant to this court's decision inFahey v. Eschrich, supra. *Page 4 
 {¶ 9} In support of his position, appellant cites Miley v. STSSystems, Inc., 153 Ohio App.3d 752, 2003-Ohio-4409, and O.B. Corp. v.Cordell (1988), 47 Ohio App.3d 170, regarding the effect of void judgments. In O.B. Corp., the court stated: "[a]s a general rule, before a personal judgment can be entered against a person, process must have been served upon him, or he must have entered an appearance in the action, or he must have affirmatively waived service. Absent any of these circumstances, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio." Id. at 171. Similarly, the court in Miley, supra ¶ 6, stated: "A court lacks personal jurisdiction to enter a default judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service." Accordingly, those cases address questions of jurisdiction.
 {¶ 10} In Fahey v. Eschrich, however, there was no question that the trial court had jurisdiction over appellant. Indeed, the court had already issued a temporary protection order which had been personally served on appellant. Rather, the order issuing the final protection order was reversed because appellant did not receive notice of the final hearing on the request for the civil protection order. We therefore remanded the case to the trial court for further proceedings, i.e., proper notice to appellant and an opportunity to be heard. We therefore do not find that the case law relied upon by appellant is relevant to the issues now before us. *Page 5 
 {¶ 11} In contrast, appellee relies on the case of Reynoldsburg v.Eichenberger (Apr. 18, 1990), 5th Dist. No. CA-3492, in support of its position that the trial court did not err in denying the motion to vacate and in proceeding to sentence appellant because, at the time appellant was charged with violating the protection order, the order was valid. In Reynoldsburg, a licensed attorney was originally charged with domestic violence in an incident involving his wife. The trial court sua sponte issued a temporary protection order prohibiting Eichenberger from visiting or approaching his family or household members. Eichenberger was convicted of violating the protection order but the domestic violence charge was dismissed. On appeal, Eichenberger challenged the TPO on the ground that it was void for the court's failure to follow the statute in issuing it. Although the Fifth District Court of Appeals determined that the court had properly issued the TPO, the court also stated that "appellant cannot prevail after he deliberately disobeyed this order, even if we subsequently find it to be invalid. An order of the court must be obeyed unless and until a court finds it is invalid or rescinds it."
 {¶ 12} The Twelfth District Court of Appeals has also addressed this issue and concluded that the invalidity of a protection order does not provide a defense to a willful violation of the order. In State v.Sutts, 12th Dist. No. CA2003-07-074, 2004-Ohio-3541, the appellant was convicted of recklessly violating the terms of a protection order, the same offense at issue in the present case. The appellant argued that the protection order was invalid because the trial court failed to hold a full hearing on the matter as required by R.C. 2919.26, and that as such he could not be convicted of violating an invalid order. *Page 6 
Relying on Reynoldsburg, supra, and the cases relied on by that court,United States v. United Mine Workers of America (1947), 330 U.S. 258 andIn re White (1978), 60 Ohio App.2d 62, the Sutts court concluded that an order of a court must be followed until it is reversed by orderly and proper proceedings. Sutts, ¶ 10. The court then reiterated the basis of its holding by quoting the following language from United Mine Workersof America, supra at 293: "The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refuses his obedience, does so at his peril."
 {¶ 13} At the time that appellant violated the protection order in the present case, it had not yet been declared invalid by order of this court. Accordingly, his reckless violation of that order was a crime and the trial court did not err in denying his motion to vacate or in proceeding to sentence him. The first and second assignments of error are not well-taken.
 {¶ 14} In his third assignment of error, appellant asserts that his conviction must be vacated because the trial court did not, consistent with Crim. R. 44 and the United States Constitution, advise him of his right to counsel. Additionally, appellant contends that at no time did he knowingly, intelligently and voluntarily waive his right to counsel.
 {¶ 15} Appellant is an attorney. The record reveals that on March 13, 2006, a complaint was filed against him charging him with recklessly violating a protection order. Appellant was served with a summons and complaint and was ordered to appear in *Page 7 
court on March 29, 2006. On March 28, 2006, appellant filed with the trial court his entry of appearance which states: "In accordance with Rule 3(A) of Superintendence for Municipal Courts, I herewith state that I am the attorney to try this case for the defendant." He then signed his name to the form, followed by his attorney registration number. On that same form, appellant signed a waiver of arraignment pursuant to Crim. R. 10(B) and a plea of not guilty.
 {¶ 16} Crim. R. 44 reads in relevant part:
 {¶ 17} "(A) Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
 {¶ 18} "* * *
 {¶ 19} "(C) Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
 {¶ 20} "(D) The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court."
 {¶ 21} Crim. R. 44, however, cannot be read in a vacuum, for it is expressly linked to Crim.Rs. 5 and 10. Crim. R. 5 sets forth the procedure that courts follow at a defendant's initial appearance and Crim. R. 10 sets forth the procedure that courts follow *Page 8 
at arraignments. In misdemeanor cases, the defendant is often arraigned, that is, called upon to enter a plea, at the initial appearance. Under both Crim.Rs. 5 and 10, the court is required to advise the defendant of his constitutional rights, including the right to counsel, at the initial appearance or arraignment. Where, however, "a defendant is represented by counsel, and proceeds to trial without objection to the failure to arraign, it is presumed that the defendant has waived such rights and may not raise the issue for the first time on appeal."State v. Nickerson (June 12, 1997), 8th Dist. No. 70910, citingHamilton v. Brown (1981), 1 Ohio App.3d 165, 168. See, also, State v.Ritch (May 11, 1998), 4th Dist. No. 97CA2491.
 {¶ 22} In the present case, appellant, as counsel, filed an entry of appearance stating that he was the attorney for the defendant, himself. As counsel, he then signed a waiver of arraignment and, as such, waived his right to be informed of his constitutional rights as set forth in Crim.Rs. 5, 10 and 44. We further note that appellant was represented by counsel, albeit himself. Accordingly, his assertion that he did not knowingly, intelligently and voluntarily waive his right to counsel is disingenuous because he did not in fact waive his right to counsel. The third assignment of error is not well-taken.
 {¶ 23} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to *Page 9 
App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., concur. *Page 1