[Cite as *State v. Leason*, 2011-Ohio-6591.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    25566 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TRAMIEL L. LEASON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 10 05 1337 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2011

CARR, Presiding Judge.

{¶1}    Appellant, Tramiel Leason, appeals his conviction for violating a protection order. This Court affirms.

I.

{¶2}    On May 27, 2010, Leason was indicted on one count of domestic violence, a felony of the third degree; one count of domestic violence, a misdemeanor of the first degree; one count of unlawful restraint, a misdemeanor of the third degree; and one count of criminal trespass, a misdemeanor of the fourth degree.  On July 1, 2010, a supplemental indictment was issued, charging Leason with one count of violating a protection order, a felony of the fifth degree.  The supplemental charge was alleged to have occurred "on or about May 13, 2010 through May 16, 2010[.]"  Leason filed a motion to dismiss the supplemental indictment, arguing that, because the protection order he was alleged to have violated was never time-stamped by the

municipal court clerk of courts, no valid order existed. Leason appended several documents to his motion.

{¶3} Immediately prior to trial on the five charges, the trial court heard the arguments of counsel on Leason's motion to dismiss the supplemental indictment. Leason argued that the protection order relevant to the supplemental charge was not filed because it was not time-stamped by the Akron Municipal Court clerk and was, therefore, not a valid order. Accordingly, he argued that an invalid order could not form the basis of the charge of violation of a protection order. In support, Leason relied on this Court's decision in *State v. Anderson* (Apr. 14, 1999), 9th Dist. No. 19145, in which we dismissed an appeal for lack of a final, appealable order where the order appealed from had not been time-stamped by the clerk of courts. Leason acknowledged that the "surrounding documents" relevant to the protection order (e.g., the domestic violence complaint and Form 10-A Notification to NCIC of the protection order) were "filed," presumably because those documents bear time stamps from the municipal clerk of courts. He argued that the lack of a time stamp on the protection order itself, however, indicated that it had not been filed and was not, therefore, a valid order.

{¶4} In response, the State asserted that the chief clerk of the Akron Municipal Court was present to testify as to the authenticity of the records. Leason stipulated to the authenticity and the clerk, therefore, did not testify. The State then presented certified copies of the protection order, the motion for a protection order, the NCIC form, and the municipal court docket indicating that the protection order had been granted and docketed on May 13, 2010. The State cited this Court's decision in *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, in which we concluded that a civil protection order entered on any form approved by the Ohio Supreme Court and signed by a magistrate and a judge is a final, appealable order. Id.

at ¶11. The State argued that this Court did not further require that the civil protection order be time-stamped for finality. The State further relied on the Ohio Supreme Court's decision in *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, for the proposition that a document's filing may be evidenced by other means in the absence of a time stamp.

{¶5} The trial court denied the motion to dismiss the supplemental indictment. In doing so, it asserted its reliance on *Rouse*, supra, and *State v. Eschrich*, 6th Dist. No. OT-06-045, 2008-Ohio-2984, in which the appellate court affirmed the trial court's denial of the defendant's motion to vacate his conviction for violating a protection order notwithstanding the subsequent invalidation of the protection order. The *Eschrich* court held that the trial court did not err in denying the motion to vacate because, at the time of the conviction, the protection order had not yet been declared invalid. Id. at ¶13.

{¶6} The case proceeded to trial. The jury found Leason not guilty of the felony charge of domestic violence and guilty of the remaining four charges. The trial court sentenced him to an aggregate term of ten months in prison. Leason filed a timely appeal in which he raises two assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO DISMISS THE SUPPLEMENTAL INDICTMENT."

{¶7} Leason argues that the trial court erred by denying his motion to dismiss the supplemental indictment because the protection order underlying the violation was never filed. This Court disagrees.

{¶8} Leason argues, and we agree, that a trial court speaks only through its journal entries. See, e.g., *State ex rel. Indus. Comm. v. Day* (1940), 136 Ohio St. 477, paragraph one of the syllabus. It is axiomatic that an order must be journalized, or "filed," before it may be considered valid. Leason argues, however, that the absence of a time stamp on the protection order issued by the municipal court judge precludes a finding that the order was ever filed. He concludes, therefore, that no valid protection order underlying the supplemental charge ever existed. This argument is not well taken.

{¶9} In the *Rouse* case on which the trial court relied, the Ohio Supreme Court held: "A document is 'filed' when it is deposited properly for filing with the clerk of courts. The clerk's duty to certify the act of filing arises only after a document has been filed. When a document lacks an endorsement from the clerk of courts indicating that it has been filed, filing may be proved by other means." Id. at paragraphs one and two of the syllabus. In that case, the issue becomes "whether there is sufficient evidence from which a court may determine that the document actually was filed." Id. at ¶10. Although *Rouse* involved the validity of a criminal complaint which did not bear a time stamp by the clerk's office, the holding reasonably applies to a court order as well.

{¶10} The high court distinguished between the concepts of "filing" of a document and "certification of filing by the clerk." Id. at ¶8. A document has been "filed" as soon as it has been delivered in good faith to the proper officer of the clerk and received by the clerk to be kept in its proper place in the clerk's office. Id. The Supreme Court clarified that, while "certification by a clerk on a document attests that it was indeed filed[,]" such certification does not constitute filing but rather merely evidence of filing. Id. at ¶8-9. In the absence of a time stamp certification by the clerk, other evidence which has been held to be sufficient to establish

filing includes the following: entry of the document in question on the clerk's electronic docket and an affidavit from the clerk of courts, *Rouse* at ¶11; docketing of the case coupled with the deputy clerk's signature, *Cleveland v. Simpkins*, 192 Ohio App.3d 808, 2011-Ohio-1249, at ¶10; electronic docketing of documents and events which were necessarily precipitated by the filing of the document in question, *State v. Short*, 12th Dist. No. CA2010-12-322, 2011-Ohio-5744, at ¶14-16; and the issuing judge's testimony that he issued the protection order, the defendant's signature acknowledging receipt of the protection order, and a signed certification by a deputy clerk that a certain document was a true copy of the protection order taken from the municipal court's records, *State v. Rouse*, 5th Dist. No. CT2007-0036, 2008-Ohio-2975, at ¶37-40. But, see, *State v. Hamlett*, 191 Ohio App.3d 397, 2010-Ohio-6605, at ¶7-19, in which the Seventh District Court of Appeals concluded that a civil protection order that lacked a time stamp was not valid. The *Hamlett* court failed, however, to cite or otherwise acknowledge the Ohio Supreme Court's holding in *Zanesville v. Rouse*, 2010-Ohio-2218, which had been decided seven months earlier.

{¶11} In the instant case, we conclude that, in the absence of a time stamp by the municipal court clerk, there was sufficient evidence to establish that the protection order underlying the charge of violating a protection order had been filed. The four copies of the protection order contained in the record all bear the signature of the issuing municipal court judge and the date of May 13, 2010. In addition, one copy contains a certification by a deputy clerk that the document is a true copy of the original protection order filed in the Akron Municipal Court. Leason stipulated to the authenticity of the records, so the deputy clerk was excused from testifying. Moreover, a Form 10-A, Protection Notice to NCIC, which must be issued upon the issuance of a protection order, is contained in the record and bears a May 13,

2010 time stamp by the clerk of the municipal clerk. Finally, a copy of the Akron Municipal Court clerk's electronic docket of events for the case, attached to Leason's motion to dismiss the supplemental indictment, indicates that a protection order was filed on May 13, 2010. Based on the authority of the Ohio Supreme Court's holding in *Rouse*, this Court concludes that the above-referenced evidence is sufficient to establish that the protection order underlying the supplemental charge was filed in the municipal court.

{¶12} We note that Leason makes two additional, secondary arguments in this assignment of error. First, he argues that there is no evidence regarding when Leason was served with the protection order or when he signed it. He failed, however, to raise the issue of lack of service of the protection order in either his written motion to dismiss the supplemental indictment or orally at the hearing on the motion. Second, Leason argues that there is nothing in the record to show that he was ever accorded a hearing in the municipal court on the motion for a protection order. Specifically, despite the statement in the protection order that a hearing was held on the motion on May 13, 2010, Leason argues there is no evidence that the victim testified in support of the order, or that he was given the opportunity to testify in opposition to the issuance of the order. Again, he failed to raise the issue of a lack of hearing before the trial court. In addition, Leason failed to provide a transcript which might show that he was precluded from testifying at the hearing or any statement or correction pursuant to App.R. 9 which might establish the lack of any hearing on the motion.

{¶13} This Court has long held that "an appellate court will not consider as error any issue a party was aware of but failed to bring to the trial court's attention[]" at a time when the trial court might have corrected the error. *State v. Dent*, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶6. "[F]orfeiture is a failure to preserve an objection[.] *** [A] mere forfeiture does not

extinguish a claim of plain error under Crim.R. 52(B)." (Internal citations omitted.) *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶23. By failing to raise the issue below, Leason has forfeited his objection to any lack of notice or hearing in regard to the protection order. See *Akron v. Concannon*, 9th Dist. No. 24512, 2009-Ohio-4162, at ¶12. Further, as Leason has failed to argue plain error on appeal, this Court will not consider whether these matters gave rise to plain error. See *State v. Knight*, 9th Dist. No. 03CA008239, 2004-Ohio-1227, at ¶10.

**{¶14}** Moreover, this Court has repeatedly held that "[i]t is the duty of the appellant to ensure that the record on appeal is complete." *State v. Daniels*, 9th Dist. No. 08CA009488, 2009-Ohio-1712, at ¶22, quoting *Lunato v. Stevens Painton Corp.*, 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶11. "Where the record is incomplete because of appellant's failure to meet his burden of providing the necessary record, this Court must presume regularity of the proceedings and affirm the decision of the trial court." *State v. Jones*, 9th Dist. No. 22701, 2006-Ohio-2278, at ¶39, citing *State v. Vonnjordsson* (July 5, 2001), 9th Dist. No. 20368. In the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 409. Because Leason failed to provide a complete record in regard to the issuance of the protection order, this Court could still not consider the substance of his argument, even if he had properly preserved it for appeal.

**{¶15}** Leason's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN DENYING APPELLANT'S [CRIM.R.] 29 MOTION FOR ACQUITTAL, AS THERE WAS INSUFFICIENT EVIDENCE AS A MATTER OF LAW TO SUSTAIN A CONVICTION FOR RECKLESS VIOLATION OF A PROTECTION ORDER."

{¶16} Leason argues that the trial court erred by denying his Crim.R. 29 motion for judgment of acquittal, because the State presented insufficient evidence to sustain his conviction for violating a protection order. This Court disagrees.

{¶17} Crim.R. 29 provides, in relevant part:

"(A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Galloway* (Jan. 31, 2001), 9th Dist. No. 19752, citing *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.

{¶18} The test for sufficiency requires a determination of whether the State has met its burden of production at trial. *State v. Walker* (Dec. 12, 2001), 9th Dist. No. 20559; see, also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring).

{¶19} Leason was convicted of violating a protection order in violation of R.C. 2919.27, which states: "No person shall recklessly violate the terms of *** [a] protection order issued *** pursuant to [R.C.] 2919.26 or 3113.31[.]" Pursuant to R.C. 2901.22(C):

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

The crime was alleged to have occurred on or about May 13, 2010, through May 16, 2010.

{¶20} On appeal, Leason argues only that the State failed to present sufficient evidence of the mens rea, i.e., that Leason acted recklessly and perversely disregarded a known risk that a protection order had been issued prohibiting him from contacting the victim.

{¶21} At trial, the victim, Kerry Walley, testified that on May 12, 2010, she signed complaints against Leason, including one for domestic violence, based on an incident that occurred that evening. She testified that she also signed a motion for a temporary protection order. Ms. Walley testified that a hearing was held on the motion on May 13, 2010. She acknowledged that she was named as the protected person on a protection order signed by the municipal court judge on May 13, 2010, and admitted into evidence as State's exhibit 9. Ms. Walley further testified that the May 13, 2010 protection order was the same or similar to a protection order issued against Leason on her behalf in 2005, and which Leason violated.

{¶22} Ms. Walley testified regarding her telephone number at the time relevant to the charge. She testified that a phone number from the jail appeared on her phone's caller identification display during the time relevant to the charge and that recorded messages from the jail were left on her answering machine. Ms. Walley also testified that she does not know anyone named Deon Johnson.

{¶23} Deputy Nancy Mundy of the Summit County Sheriff's Office testified that Leason was booked into the Summit County jail on May 13, 2010, and released on May 21, 2010. She testified that Leason was housed in unit 1-A during that time.

{¶24} Deputy Mundy testified that inmates may place collect calls from jail using a personal identification number ("PIN") consisting of the first eight digits of their social security numbers for purposes of monitoring and creating a record of inmate calls. The deputy testified that all inmate calls are recorded, with records being kept for one year. She testified that, while

inmates are not supposed to trade PINs, they nevertheless do. She testified that no inmate has ever complained that another inmate has stolen his PIN.

{¶25} Deputy Mundy authenticated a jail call record of calls made to the victim's telephone number from May 13 through May 16, 2010. Twenty-two such calls were made or attempted to the victim. The deputy identified Leason's PIN. She testified that all the calls made or attempted to be made to the victim on May 13 and 14, 2010, originated from Leason's PIN. She testified that the three calls attempted to the victim on May 16, 2010, originated from a different PIN which belonged to Deon Johnson who was housed in unit 1-A with Leason at the time.

{¶26} Two other witnesses verified Ms. Walley's telephone number during the time relevant to the charge as the number in the jail call records.

{¶27} State's exhibit 9, the certified copy of the protection order against Leason, indicates it was signed by the municipal court judge on May 13, 2010. The copy bears an inscription indicating that the protection order was faxed from the Akron Municipal Court at 8:44 a.m., on May 13, 2010. The copy further indicates that Leason signed the order. Although it is not clear, there is a further notation near his signature which might be construed as a date, specifically 5/13/10.

{¶28} Reviewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of the charge of violating a protection order were proved beyond a reasonable doubt. See *Jenks*, 61 Ohio St.3d at paragraph two of the syllabus. The State presented evidence that the municipal court judge signed a protection order against Leason on May 13, 2010; that the order was docketed the same day; and that the municipal court faxed the order at 8:44 a.m. Leason signed the order at some

time.  A notation near his signature might be construed as a date, specifically 5/13/10.  The protection order prohibits Leason from initiating any contact with the victim.  The State presented evidence that numerous calls to the victim were attempted and originated from Leason's inmate PIN.  Three attempted calls to the victim on May 16, 2010, originated from the inmate PIN of Deon Johnson, an inmate housed in the same unit as Leason at the time.  The victim testified that she did not know Deon Johnson.  Such evidence creates a reasonable inference of Leason's knowledge of the existence of the protection order and an attempt to hide his attempt to contact the victim by using another inmate's PIN.  Accordingly, the State presented sufficient evidence of the crime of violation of a protection order.  Leason's second assignment of error is overruled.

## III.

**{¶29}** Leason's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.