[Cite as *State v. McElrath*, 2012-Ohio-1927.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     25688 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARION EARL MCELRATH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 09 08 2530 |

DECISION AND JOURNAL ENTRY

Dated: May 2, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}   The Grand Jury indicted Darion McElrath for domestic violence after Juanita Carr, the mother of his child, alleged that he attacked her.  A day after the alleged attack, a municipal court judge issued a criminal temporary protection order prohibiting Mr. McElrath from contacting Ms. Carr or coming within 300 feet of her.  Several months later, the Grand Jury indicted Mr. McElrath for violating the protection order after it learned that he had called Ms. Carr from jail.  A jury found Mr. McElrath guilty of violating the protection order but not guilty of domestic violence.  The court sentenced him to one year in prison.  Mr. McElrath has appealed, arguing that there was no evidence to establish that he recklessly violated the protection order.  We affirm because the protection order was valid even without the clerk of courts' time stamp and the jury could have reasonably inferred that Mr. McElrath knew that a protection order existed.

## VIOLATION OF A PROTECTION ORDER

{¶2} Mr. McElrath's assignment of error is that the trial court incorrectly allowed him to be convicted for reckless violation of a protection order. According to him, because the protection order did not contain a time stamp indicating that it had been filed, it was of no effect. He has also argued that there was no evidence that he ever received notice of the order.

{¶3} Under Section 2919.27(A)(1) of the Ohio Revised Code, "[n]o person shall recklessly violate the terms of . . . [a] protection order issued . . . pursuant to section 2919.26 . . . of the Revised Code." "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).

{¶4} Regarding Mr. McElrath's argument that the protection order was ineffective because it did not contain a time stamp, the Ohio Supreme Court explained in *Zanesville v. Rouse*, 126 Ohio St. 3d 1, 2010-Ohio-2218, that a document does not have to contain a time stamp to be deemed filed. *Id*. at ¶ 8. Rather, a time stamp is merely evidence that the document was filed. *Id*. There are other ways that a party may prove that a document was filed, such as "entry of the document in question on the clerk's electronic docket and an affidavit from the clerk of courts; docketing of the case coupled with the deputy clerk's signature; electronic docketing of documents and events which were necessarily precipitated by the filing of the document in question; and the issuing judge's testimony that he issued the . . . order, the defendant's signature acknowledging receipt of the . . . order, and a signed certification by a deputy clerk that a certain document was a true copy of the protection order taken from the

municipal court's records." *State v. Leason*, 9th Dist. No. 25566, 2011-Ohio-6591, at ¶ 10 (citations omitted).

**{¶5}** The State submitted a copy of the protection order bearing the issuing judge's signature and a stamp that the document was "a true copy of the original filed in the Akron Municipal Court." The stamp contained the signature of a deputy clerk of courts. Mr. McElrath stipulated to the authenticity of the document, so the deputy clerk did not have to testify. The record also contains a Form 10-A, Protection Notice to NCIC, "which must be issued upon the issuance of a protection order." *State v. Leason*, 9th Dist. No. 25566, 2011-Ohio-6591, at ¶ 11. That form bears an August 11, 2009, time stamp by the municipal court clerk. Accordingly, upon review of the record, we conclude that there was sufficient evidence to establish that the criminal temporary protection order was filed with the municipal court. *See id.* (reaching same conclusion under similar facts).

**{¶6}** Regarding Mr. McElrath's argument that he did not know about the protection order, this Court has previously held that a protection order does not have to be served on the person against whom it was issued before that person can be found to have violated the order. *State v. Bunch*, 9th Dist. No. 20059, 2001 WL 39599, *2 (Jan. 17, 2001). "Rather, [Section] 2919.27 requires that the prosecution prove beyond a reasonable doubt that defendant acted in disregard of a known risk that a [protection order] was likely to have existed against him." *Id.*

**{¶7}** Ms. Carr testified that, a few months after the alleged assault but a few months before Mr. McElrath called her from jail, she asked him to meet her because she needed money. While they were sitting in a car at a park, a police officer approached them and asked them to identify themselves. When the officer learned that there was a protection order in place, he arrested Mr. McElrath for violating it. The arresting officer corroborated Ms. Carr's testimony,

testifying that he took Mr. McElrath to jail after he learned that there was an active protection order against him.

{¶8} The State submitted a copy of Mr. McElrath's conviction arising out of the incident in the park. Upon review of the evidence, we conclude that, even if Mr. McElrath did not receive a copy of the protection order when the court issued it, his arrest and conviction for violating the order put him on notice that one existed. Because he should have known that a protection order existed, we conclude that there was sufficient evidence that he acted in reckless disregard of a known risk when he called Ms. Carr from jail. Mr. McElrath's assignment of error is overruled.

CONCLUSION

{¶9} The record contains sufficient evidence to support Mr. McElrath's conviction for violating a protection order. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CONCURS

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶10} I concur in the judgment due to our already existing precedent and the lack of specificity of Mr. McElrath's assignment of error. However, I do not think the issue is that cut and dry. Protection orders are not all the same and some may contain certain prohibited conduct that others do not. The fact that one might be aware of the possible existence of a protection order does not mean that one knows the details of the prohibited conduct contained within the order. Thus, I find the Fifth District's perspective on the issue persuasive. *See, e.g., State v. Mohabir*, 5th Dist. No. 04CA17, 2005-Ohio-78.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.