[Cite as *State v. Haas*, 2025-Ohio-1852.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

    Appellee

v.

David P. Haas

    Appellant

Court of Appeals No.   L-24-1217

Trial Court No.  CRB-22-08179

**DECISION AND JUDGMENT**

Decided: May 23, 2025

* * * * *

David P. Haas, pro se.

* * * * *

**MAYLE, J.**

**{¶ 1}** Appellant, David Haas, appeals the August 23, 2024 judgment of the Toledo Municipal Court denying his "motion to vacate conviction based on newly discovered evidence." For the following reasons, we affirm.

**I. Background and Facts**

**{¶ 2}** Haas was charged by complaint with one count of violation of a protection order in violation of R.C. 2919.27(A)(2), a first-degree misdemeanor. The complaint alleged that Haas "yell[ed] at" the victim, K.K., who had a protection order against him, while she was delivering mail on August 26, 2022, and "yell[ed] and waive[d] [sic] at"

K.K. after the police arrived on scene. Haas pleaded no contest, and the trial court found him guilty. The court sentenced him to 180 days in jail, all suspended, and five years of probation. It included a no-contact order as a probation term, preventing Haas from having contact with K.K.

{¶ 3} Four months after he was sentenced, Haas filed a "motion to vacate conviction based on newly discovered evidence." In it, he asked the trial court to vacate his conviction because the protection order that was the basis of the conviction had been dismissed. He also alleged that the city withheld evidence, including "news articles and broadcasts" from local television stations and "a recorded phone call and investigation recommendations from a Postal Inspector . . . [,]" which "weaken[ed] the prosecution's case and cast[] further doubt on the legitimacy of the original violation charge . . . ." According to the uncertified judgment entry from the Lucas County Court of Common Pleas that Haas attached to his motion without an affidavit—the only evidence he submitted—the underlying protection order was scheduled for a full hearing, but K.K. "voluntarily moved to dismiss his/her petition." Because of K.K.'s request, the common pleas court dismissed the petition "without prejudice with the right to re-file if any future incidences occur" and dissolved the existing ex parte CPO.

{¶ 4} In its response, the city classified Haas's motion as a motion to withdraw his plea under Crim.R. 33.1; pointed out that Haas had not provided an affidavit, as required

2.

by Crim.R. 33.1(E);[1] argued that the underlying CPO was valid and in effect at the time Haas violated it, and K.K.'s decision to dismiss the CPO petition did not show an extraordinary circumstance or manifest injustice that would justify granting Haas's motion to withdraw his plea; and the city never had possession of the evidentiary materials Haas claimed it had withheld.

{¶ 5} In his reply, Haas agreed with the state that he was attempting to withdraw his no-contest plea based on manifest injustice. He again argued that K.K.'s CPO petition being dismissed "due to lack of evidence," the city withholding exculpatory evidence, and "procedural irregularities" were extraordinary circumstances that justified him withdrawing his plea. And, although he admitted that the CPO "was technically valid" on the day he was charged with violating it, he claimed that the order's "subsequent dismissal . . . indicates that it should never have been issued in the first place[,]" so his "conviction for violating an order that has been invalidated . . ." was manifestly unjust.

{¶ 6} The trial court denied Haas's motion. In its decision, the court noted that a CPO was in place on the date of Haas's offense and found that the CPO being "subsequently dismissed nearly two years later has no bearing on the consequences for his action[s] on August 26, 2022." The court also determined that the city was not required to produce records that it did not possess. Ultimately, the court concluded that

---

[1] We note that Crim.R. 33.1 does not exist. The rule governing plea withdrawal is Crim.R. 32.1 (which does not include an affidavit requirement), while Crim.R. 33 (which does include an affidavit requirement) relates to motions for a new trial.

3.

"the fact remains that a valid temporary protection order was in place at the time of the offense charged. In part that offense reads: '[t]he defendant did yell at the victim while she was delivering mail.' [Haas] entered a no contest plea and was found guilty. The Court does not see that any injustice has befallen [Haas] let alone a manifest injustice." (First brackets in original.)

{¶ 7} Haas now appeals, raising seven assignments of error:

1. The trial court erred in failing to vacate the conviction following the dismissal of the protection order, which invalidated the legal basis for the violation charge.

2. The trial court erred in imposing a no-contact order based on an invalid protection order.

3. The trial court erred by failing to recognize the significant procedural errors that occurred during the legal process.

4. The prosecution withheld exculpatory evidence in violation of Brady v. Maryland.

5. The trial court erred by refusing to vacate the conviction despite procedural failures and clear due process [sic].

6. The trial court erred in failing to consider the significant emotional, psychological, and personal impact on appellant and his family caused by the continued enforcement of the no-contact order after the dismissal of the protection order.

7. The trial court erred in its application of the *Bakos* case as precedent in denying appellant's motion to vacate, as the circumstances of appellant's case differ significantly and the protection order was dismissed due to lack of evidence.

## II. Law and Analysis

{¶ 8} Before addressing Haas's assignments of error, it will be helpful to clarify what, exactly, we can consider in this appeal. Our review of a trial court's order is

4.

limited to the record made in the trial court. *Salpietro v. Salpietro*, 2023-Ohio-169, ¶ 9 (6th Dist.). That is, we, as the reviewing court, cannot "add matter to the record . . . which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail,* 54 Ohio St.2d 402 (1978), paragraph one of the syllabus; *Morgan v. Eads*, 2004-Ohio-6110, ¶ 13 ("[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial.").

{¶ 9} A significant amount of the information in Haas's brief is not in our record. This includes (but is not limited to) facts underlying K.K.'s CPO petition, his claim that the CPO petition was dismissed due to "insufficient evidence," information about K.K.'s behavior and the effects of the CPO and no-contact order on him and his family, and details of K.K.'s testimony in a different, unrelated case. Because this information is not in the record, we cannot consider it, and we will limit our review to information in the record of this case.

{¶ 10} Turning to Haas's assignments of error, he argues in each of them that the trial court erred by denying his motion to withdraw his plea. His arguments boil down to (1) the post-sentence dismissal of K.K.'s CPO invalidated the legal basis for his violating-a-protection-order conviction and the trial court's no-contact order; (2) the procedural errors in the CPO case and the "continued enforcement" of his conviction after the underlying CPO was dismissed amount to due process violations, which the court did not consider in its decision; (3) the state withheld evidence, resulting in him

5.

being convicted based on "incomplete and misleading information"; (4) the court did not "consider the significant emotional, psychological, and personal toll . . ." that the existence of the CPO and no-contact order had on him and his family; and (5) the court relied on a distinguishable case to justify its decision.

{¶ 11} Under Crim.R. 32.1, a defendant can move to withdraw his no-contest plea "only before sentence is imposed . . . ." However, "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *Id.* A manifest injustice relates to "some fundamental flaw in the proceedings" that "results in a miscarriage of justice or is inconsistent with the demands of due process" and exists "only in extraordinary cases." *State v. White*, 2018-Ohio-3461, ¶ 5 (10th Dist.); *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). The defendant has the burden of establishing the existence of a manifest injustice. *State v. Straley*, 2019-Ohio-5206, ¶ 14. To do so, he must show that "the purported error 'caused him to forgo trial and plead guilty [or no contest] instead.'" *State v. Stiger*, 2020-Ohio-1242, ¶ 11 (6th Dist.), quoting *Straley* at ¶ 17.

{¶ 12} We review a trial court's decision denying a motion to withdraw a plea for an abuse of discretion. *Straley* at ¶ 15, citing *Smith* at paragraph two of the syllabus. A trial court abuses its discretion when its decision is "contrary to law, unreasonable, not supported by the evidence, or grossly unsound." (Internal quotation omitted.) *State v. Johnson*, 2019-Ohio-4613, ¶ 19 (6th Dist.).

6.

**{¶ 13}** As long as the issuing court has subject-matter jurisdiction, a court order must be obeyed unless and until it is invalidated. *State v. Powell*, 2024-Ohio-4923, ¶ 28-30 (2d Dist.); *City of Reynoldsburg v. Eichenberger*, 1990 WL 52467, *4 (5th Dist. Apr. 18, 1990). A common pleas court has subject-matter jurisdiction over civil-stalking-protection-order cases. R.C. 2903.214(A)(1), (B). The fact that a protection order is eventually invalidated "does not provide a defense to a willful violation of the order." *State v. Eschrich*, 2008-Ohio-2984, ¶ 11-12 (6th Dist.), citing *State v. Sutts*, 2004-Ohio-3541 (12th Dist.); *Eichenberger* at *4 ("[A]ppellant cannot prevail after he deliberately disobeyed [a protection] order, even if we subsequently find it to be invalid. An order of the court must be obeyed unless and until a court finds it is invalid or rescinds it . . . .").

**{¶ 14}** In this case, we find that the trial court did not abuse its discretion by denying Haas's motion to withdraw his plea. The evidence properly before us shows that the CPO was valid and in effect on August 26, 2022, the date on which Haas was accused of violating it—a fact that Haas does not dispute. And, by pleading no contest, Haas admitted to the facts in the complaint, i.e., that he "violate[d] the terms of the protection order . . . by having contact with the protected person . . . ." K.K. eventually asking the common pleas court to dismiss her CPO petition, and the court "dissolv[ing]" the ex parte CPO does not negate the fact that a valid order, issued by a court with subject-matter jurisdiction, existed on August 26, 2022. Haas was bound to follow that order until the CPO case was dismissed, and the ex parte CPO was dissolved. Because he did not, there is nothing manifestly unjust about his conviction.

7.

**{¶ 15}** Haas's assignments of error are not well-taken.

### III. Conclusion

**{¶ 16}** Based on the foregoing, the August 23, 2024 judgment of the Toledo Municipal Court is affirmed. Haas is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                          _____
                                                                  JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.                          _____
CONCUR.                                                  JUDGE

_____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.