[Cite as *State v. Turner*, 2011-Ohio-3794.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

LATROY D. TURNER

    Appellant

C.A. No.    25545


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2008-08-2807(A)

DECISION AND JOURNAL ENTRY

Dated: August 3, 2011

---

BELFANCE, Presiding Judge.

{¶1}   Latroy Turner appeals the trial court's denial of his motion to vacate a void judgment.  For the reasons set forth below, we affirm.

I.

{¶2}   A jury convicted Mr. Turner of twenty-six alleged offenses, including aggravated burglary, aggravated robbery, kidnapping, rape, having weapons under disability, felonious assault, and receiving stolen property, as well as firearm and repeat violent offender specifications.  On February 9, 2009, the trial court held a sentencing hearing and sentenced him to thirty-four years imprisonment.

{¶3}   Before it journalized Mr. Turner's sentence, the trial court held a second hearing on February 18, 2009.  At this hearing, the trial court told him that it "inadvertently sentenced [him]" on two of his robbery convictions and merged those convictions with two of his convictions for aggravated robbery.  The trial court also informed Mr. Turner of his duty to

register as a Tier III sex-offender upon his release from prison. The trial court then issued a sentencing entry, which referred to the February 18 hearing as Mr. Turner's sentencing hearing.

{¶4} Mr. Turner appealed, but this Court dismissed his appeal for lack of a final appealable order. On May 18, 2009, the trial court issued a second sentencing entry, which also referenced the February 18 hearing as the date it sentenced Mr. Turner. Mr. Turner appealed, and this Court affirmed his convictions. He later moved to vacate the May 18 sentencing entry as void. The trial court denied his motion, and Mr. Turner filed a pro se appeal, raising a single assignment of error.

II.

"THE TRIAL COURT ABUSED IT[S] DISCRETION BY JOURNALIZING A JUDGMENT THAT IS UNSUPPORTED BY THE RECORD IN VIOLATION OF APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO FUNDAMENTAL FAIRNESS AND DUE PROCESS UNDER LAW[ ] AND CRIM. R. 32. Q. DID THE TRIAL COURT DEPRIVE IT[SELF] OF AUTHORITY TO IMPOSE A SENTENCE ON APPELLANT[?]"

{¶5} Mr. Turner is appealing the trial court's denial of his motion to vacate a void sentence. Although it is difficult to discern his precise arguments, he appears to contend that the trial court's sentencing entry is void because the trial court actually sentenced him on February 9, 2009, whereas the trial court's sentencing entry refers to February 18, 2009, as the date of sentencing. To the extent that Mr. Turner is arguing that the trial court erred in the manner in which it sentenced him, he could have raised this issue in his direct appeal. Therefore, his arguments are prohibited by res judicata. See *State v. Starks*, 9th Dist. No. 25617, 2011-Ohio-2772, at ¶8.

{¶6} In claiming that his sentence is void, Mr. Turner may be arguing that the trial court lacked jurisdiction to sentence him at the February 18 hearing because it had previously sentenced him on February 9. However, after the February 9 hearing, the trial court did not sign

and journalize a sentencing entry, and, therefore, did not relinquish its jurisdiction. See Crim.R. 32(C) ("A judgment is effective only when entered on the journal by the clerk."); see, also, App.R. 4(A). Mr. Turner has not pointed to any legal authority that, under the circumstances of this case, the trial court lacked jurisdiction to conduct a continued sentencing hearing prior to signing and journalizing its sentencing entry. Cf. *State v. Bell* (Mar. 24, 2000), 6th Dist. Nos. OT-99-062, OT-99-063, 2000WL299448 at *2 (holding that a "timely continued hearing to correct an error that did not substantively affect appellant's rights or the length of appellant's sentence[ ]" did not constitute plain error). Accordingly, the trial court properly denied Mr. Turner's motion to vacate a void sentence.

{¶7}    Mr. Turner's assignment of error is overruled.

### III.

{¶8}    Mr. Turner's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

4

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

LATROY D. TURNER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.