[Cite as *State v. Mercer*, 2013-Ohio-1527.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DANIEL LEE MERCER

    Appellant

C.A. No.    26361

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 09 2389

DECISION AND JOURNAL ENTRY

Dated: April 17, 2013

CARR, Judge.

{¶1}    Appellant Daniel Mercer appeals his conviction in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Mercer was indicted on one count of rape of a child under the age of thirteen and one count of gross sexual imposition of a child under the age of thirteen. The rape charge included an allegation that Mercer purposely compelled the victim to submit by force or threat of force. This additional allegation would have supported the enhancement of the penalty if Mercer were found guilty of the charge.

{¶3}    The victim in this case was ten years old at the time of the incident and eleven years old at the time of trial. Mercer filed a motion for a competency hearing to determine whether the victim, who was developmentally delayed, was competent to testify. The trial court held a hearing during which the judge questioned the child. The trial court permitted counsel to

submit proposed questions, although the judge indicated that she would not necessarily ask all or any of the proposed questions. Counsel for both Mercer and the State were permitted to observe the hearing as it occurred from another room via a closed circuit television. Prior to the hearing, Mercer, relying upon R.C. 2945.481, objected to his and counsels' separation from the victim during the competency hearing. The State argued that the statute was inapplicable under the circumstances and the trial court agreed. By stipulation of the parties, the trial court reviewed the victim's interview by a social worker at Akron Children's Hospital's Children At Risk Evaluation (C.A.R.E.) Center for purposes of determining the child's competency to testify at trial. The trial court found that the child had the ability to accurately perceive, recollect, and communicate impressions; that she understood the difference between truth and falsity; and that she had the capacity to appreciate her moral responsibility to be truthful.

{¶4} The matter proceeded to trial, during which the State presented evidence, including the testimony of fourteen witnesses. During the State's closing argument, the assistant prosecutor displayed a slide to which Mercer objected. Although the trial court instructed the State to remove the slide and the jury to disregard the slide, Mercer moved for a mistrial. The trial court denied Mercer's motion.

{¶5} At the conclusion of trial, the jury found Mercer guilty of rape and gross sexual imposition, although it found that the defendant did not compel the victim to submit by force or threat of force. At the sentencing hearing, the State informed the court that, under the facts of this case, the gross sexual imposition charge would merge into the rape charge for purposes of sentencing. Mercer agreed that the charges should merge. At sentencing, the trial court initially imposed a sentence on both counts, running the sentence for gross sexual imposition concurrently with the sentence for rape. In the sentencing entry, however, the trial court noted

that it performed an analysis pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, and determined that Mercer's two charges were allied offenses of similar import. The trial court, therefore, vacated the sentence it earlier imposed for the count of gross sexual imposition. It ordered that that count merged with the rape count for purposes of sentencing. The trial court sentenced Mercer to life in prison with eligibility for parole after ten years. Mercer appealed and raises four assignments of error for review.

## II.

## ASSIGNMENT OF ERROR I

TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR A MISTRIAL BASED UPON IMPROPER STATEMENTS MADE DURING THE STATE'S CLOSING ARGUMENT.

**{¶6}** Mercer argues that the trial court erred by denying his motion for a mistrial based on alleged improper comments and a slide displayed by the State during closing argument. This Court disagrees.

**{¶7}** "'Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible.'" *State v. Witcher*, 9th Dist. No. 26111, 2012-Ohio-4141, ¶ 32, quoting *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991). "The essential inquiry on a motion for mistrial is whether the substantial rights of the accused are adversely affected. Great deference is afforded to a trial court's decision regarding a motion for mistrial[.]" (Internal citations omitted.) *State v. Howes*, 9th Dist. No. 24665, 2010-Ohio-421, ¶ 11. We recognize that the trial court judge maintains the best position to determine whether the declaration of a mistrial is warranted under the circumstances as they have arisen in the courtroom. *State v. Kyle*, 9th Dist. No. 24655, 2010-Ohio-4456, ¶ 25, citing *State v. Glover*, 35 Ohio St.3d 18, 19 (1988); *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, ¶ 92. Accordingly, "[t]his court will not second-guess such a

determination absent an abuse of discretion." *Ahmed* at ¶ 92. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} Mercer argues that a mistrial was warranted because of improper comments and images presented to the jury by the State during closing argument. When considering whether certain remarks constitute prosecutorial misconduct, a reviewing court must determine "(1) whether the remarks were improper and (2) if so, whether the remarks prejudicially affected the accused's substantial rights." *State v. Jackson*, 107 Ohio St.3d 300, 2006-Ohio-1, ¶ 142, citing *State v. Smith*, 14 Ohio St.3d 13, 14 (1984). The Ohio Supreme Court continued that

> [t]he touchstone of analysis "is the fairness of the trial, not the culpability of the prosecutor." This court will not deem a trial unfair if, in the context of the entire trial, it appears beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments.

(Internal citations omitted.) *Jackson* at ¶ 142.

{¶9} Mercer argues that the State improperly portrayed the facts by arguing that Mercer "lured" the victim to a "secluded area" and "sexually assaulted this little girl in many different ways." Mercer further complains about the State's following argument:

> He did this with full intention, nefarious intention. He had every bad intention of committing this crime against this little girl. You heard us talk about the perfect victim. You know, that day he said I'll be your boyfriend and you be my girlfriend to this little, little girl. You saw her. And she is the perfect victim. He lured her back there.

{¶10} As the assistant prosecutor made these comments, she displayed a slide depicting a block-form man with horns holding the hand of a block-form little girl. Mercer asserts that the image of the man was red. Although the copy of the slide submitted with the record is not in

color, the State does not dispute that the image of the man displayed during closing argument was red.

{¶11} Mercer immediately objected to the State's display of the slide and the trial court immediately directed the State to remove it. In addition, the trial court directed the jury to disregard the slide. There is a long-standing presumption that a jury follows the trial court's instructions. *State v. Jones*, 91 Ohio St.3d 335, 344 (2001), citing *State v. Raglin*, 83 Ohio St.3d 253, 264 (1998).

{¶12} This Court concludes that the assistant prosecutor's comments that Mercer lured the victim to a secluded area and sexually assaulted her in various ways comports with the evidence adduced at trial. In addition, there was evidence by an expert witness who specializes in the field of child-victim sexual abuse trauma that the victim in this case was very vulnerable and constituted "perfect prey" for someone with bad intentions. Accordingly, while the assistant prosecutor's comments were direct, harsh, and cast Mercer in a negative light, they did not cross the line into impropriety.

{¶13} The same cannot be said about the State's use of the slide which depicted Mercer as the devil. The presentation of the slide constituted conduct by the State that this Court can only describe as egregious. Such flagrant overstepping of the bounds of professionalism and decorum would normally result in reversal of the conviction but for the existence of overwhelming evidence of Mercer's guilt.

{¶14} In this case, the victim and her mother testified that Mercer gave the child a candy bar before asking her to accompany him to his sister's house. The victim testified that Mercer took her to the woods behind his sister's garage, where he took off their clothes, digitally and painfully penetrated her vagina, and caused her to bleed. The victim's reports to others

regarding the incident consistently alleged vaginal penetration. The certified nurse practitioner at Akron Children's Hospital's CARE Center, who performed the victim's physical examination after the assault, testified that one quarter of the child's hymenal surface was gouged and torn in a manner consistent with penetrating trauma. The nurse testified that this was one of the very rare cases in which physical trauma was evident after an assault, because in most child sexual assault cases, there is no evidence of physical harm. Moreover, an expert witness from the DNA section of the Bureau of Identification and Investigation testified that a DNA profile taken from a swab of the victim's underwear was consistent with Mercer. When Mercer was interrogated by police after the incident, he admitted that he offered the ten-year old victim, whom he described as "not all there," a candy bar and $5 to accompany him; that he took her to a secluded area behind his sister's garage where they got undressed; and that he licked the child's vagina, placed his finger in her vagina, and had the child touch his penis and try to perform oral sex on him. A trauma therapist from the CARE Center confirmed that the victim was a "very vulnerable child" and "perfect prey" for someone with bad intentions based on the child's developmental delays, lack of personal boundaries which allows her to trust people she does not know, and a bad temper and disrespectful attitude arising out of a home environment without much structure or rules and which would likely cause the adults in her life to disbelieve her allegations.

{¶15} This Court concludes that, while the State's conduct during closing argument was improper, the publication of the slide depicting Mercer as the devil did not prejudicially affect Mercer's substantial rights. The trial court gave the jury a curative instruction, directing them to disregard the slide. Moreover, apart from any impropriety by the State, there was overwhelming evidence of the defendant's guilt. Given the nature and amount of testimonial and physical evidence, coupled with Mercer's confession, the evidence presented by the State demonstrated

Mercer's guilt beyond a reasonable doubt. We caution the State that the absence of any of the evidence presented in this case, however, might very well have compelled a different result. Under what are surely rare circumstances where the defendant admitted his alleged wrongdoing and the confession comports with the testimonial and physical evidence, we conclude that the trial court did not abuse its discretion by denying Mercer's motion for a mistrial on the grounds of prosecutorial misconduct. The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH THE REQUIREMENTS OF R.C. 2945.481.

{¶16} Mercer argues that the trial court erred by conducting the child victim's competency hearing in a room where he was not permitted to be present and could only view the proceedings via closed-circuit television in violation of R.C. 2945.481. This Court disagrees.

{¶17} The child victim in this case was eleven years old at the time of trial. Evid.R. 601(A) states that "[e]very person is competent to be a witness except[] [t]hose of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." Mercer filed a motion for a competency hearing to determine the victim's competency to testify at trial based on allegations that the child suffered from developmental disabilities. On the date originally scheduled for the competency hearing, the trial court informed the parties that they had no right to question the child relative to the competency determination but that the court would allow them to submit proposed questions that the court may or may not ask. The trial court judge further stated that she would conduct the competency hearing in another courtroom that had the technological capability to allow Mercer and all attorneys to watch the hearing from another room. The State neither filed a motion nor orally requested such separation; rather, it

appeared that the trial court raised the issue sua sponte based on its understanding that the child victim was afraid to see Mercer. Mercer made no objection on the record on the date originally scheduled for the hearing. On the date the hearing ultimately occurred, Mercer objected to the separation and argued that R.C. 2945.481 required the State to file a motion for separation at least seven days earlier. The State responded that the statute only pertained to sworn testimony at trial, not unsworn statements made during an informal hearing. The trial court agreed and conducted a voir dire of the child victim to determine her competency to testify later at trial.

{¶18} Mercer argues that the trial court erred by failing to comply with R.C. 2945.481(C), which states in relevant part:

> In any proceeding in the prosecution of any charge of a violation listed in division (A)(2) of this section or an offense of violence and in which an alleged victim of the violation or offense was a child who was less than thirteen years of age when the complaint, indictment, or information was filed, whichever occurred earlier, the prosecution may file a motion with the judge requesting the judge to order the testimony of the child victim to be taken in a room other than the room in which the proceeding is being conducted and be televised, by closed circuit equipment, into the room in which the proceeding is being conducted to be viewed by the jury, if applicable, the defendant, and any other persons who are not permitted in the room in which the testimony is being taken but who would have been present during the testimony of the child victim had it been given in the room in which the proceeding is being conducted. Except for good cause shown, the prosecution shall file a motion under this division at least seven days before the date of the proceeding. The judge may issue the order upon the motion of the prosecution filed under this section, if the judge determines that the child victim is unavailable to testify in the room in which the proceeding is being conducted in the physical presence of the defendant, for one or more of the reasons set forth in division (E) of this section.

{¶19} R.C. 2945.481(E) lists the following reasons which justify the taking of the child victim's testimony outside the room in which the proceeding is being conducted: (1) the child victim persistently refuses to testify despite judicial requests to do so; (2) the child victim is unable to communicate about the alleged offense due to extreme fear, memory failure, or other similar reason; or (3) there is a substantial likelihood that the child victim will suffer serious

emotional trauma from being compelled to testify in the room in which the proceeding is being conducted.

{¶20} Mercer has cited no authority in support of the proposition that R.C. 2945.481(C) is applicable to a victim's competency hearing. By its plain language, the statute is implicated in relation to a child victim's testimony. The child did not testify at the competency hearing. The trial court did not swear in the child, but merely conducted an informal question and answer session to determine whether the child was able to accurately perceive and effectively communicate perceptions in a truthful manner.

{¶21} The child victim did not testify at the competency hearing. Because R.C. 2945.481(C) is applicable with regard to a child victim's testimony, by its plain language it was not implicated during the trial court's voir dire of the victim during her competency hearing at which the child did not testify. Accordingly, the State was not required to file a motion at least seven days prior to the hearing requesting the separation of the victim and defendant, and the trial court was not required to make findings pursuant to R.C. 2945.481(E) before conducting voir dire of the victim in a room other than where the proceeding was occurring. Mercer's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DETERMINING THE ALLEGED VICTIM WAS COMPETENT TO TESTIFY AT TRIAL.

{¶22} Mercer argues that the trial court erred by determining that the child victim was competent to testify at trial. This Court disagrees.

{¶23} "A determination of competency is within the sound discretion of the trial court. A trial judge is far better situated than a reviewing court to gauge the competency of a child witness * * *, and for that reason, the lower court's finding as to competency will not be

disturbed absent an abuse of discretion." (Internal citations omitted) *State v. Street*, 122 Ohio App.3d 79, 82 (9th Dist.1997). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore*, 5 Ohio St.3d at 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons*, 66 Ohio St.3d at 621.

{¶24} The victim in this case was eleven years old at the time of trial. Accordingly, she was presumed competent pursuant to Evid.R. 601(A) by virtue of her age. Mercer argues, however, that, because she suffered from developmental disabilities and was diagnosed with attention deficit hyperactivity disorder, she functioned effectively as a child under ten years old, was of unsound mind and was, therefore, not competent to testify.

{¶25} "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity, and (5) the child's appreciation of his or her responsibility to be truthful." *State v. Frazier*, 61 Ohio St.3d 247 (1991), syllabus.

{¶26} Mercer challenges the child victim's competence not based on any inability to recount events accurately, but rather solely based on the child's alleged inability to understand the necessity of telling the truth. The trial court found that the victim understood the difference between truth and falsity and had the capacity to appreciate her moral responsibility to tell the truth. It based its findings on its review of the child's videotaped interview with the CARE Center social worker and the court's voir dire of the child.

{¶27}  Based on our review of the child's interview with the social worker and the trial court's voir dire of the child, we conclude that the trial court did not abuse its discretion when it found the child competent to testify at trial.  During both the interview with the social worker and the court's voir dire, the victim was forthright in her responses.  The social worker and judge asked certain questions about the child's family and personal life, the answers to which were readily verifiable by information already in their possession.  The child was truthful as to those issues.  For example, she truthfully disclosed her birthdate and school and the identities of her household members.  The social worker set ground rules for her session with the victim, including rules that the child not make up answers and that she tell the worker that she does not know if she in fact did not know the answer to a question.  The child demonstrated her understanding of the rules and told the social worker that she did not know the answers to some questions.  The judge asked the child what it meant to tell the truth and to tell a lie.  Although the child's responses were unsophisticated, she expressed an understanding of the difference.  The child asserted that she would "get in trouble" for telling a lie and that she learned in church that people who tell lies "go[] to hell."  When posed with a hypothetical question about what she would do if she lost her cell phone, the victim told the judge that she would tell her mother, i.e., be honest about the situation, because that would be the best course of action that would help locate the phone.  Under these circumstances, it was not unreasonable for the trial court to find that the victim understood the difference between the truth and a lie, the benefits of telling the truth, the ramifications of telling a lie, and the importance of discussing the incident with Mercer truthfully.  Accordingly, the trial court did not abuse its discretion by finding the victim competent to testify.  Mercer's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON BOTH THE CONVICTION FOR RAPE AND GROSS SEXUAL IMPOSITION WHEN THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT[.]

{¶28} Mercer argues that the trial court erred by sentencing him on both the charge of rape and the charge of gross sexual imposition because the charges were allied offenses of similar import. The State concedes error and agrees that the matter must be remanded for resentencing. Both Mercer and the State have misread the trial court's sentencing entry.

{¶29} At the sentencing hearing, the State informed the trial court that the counts of rape and gross sexual imposition in this case were allied offenses of similar import. Mercer agreed. When orally imposing sentence at the hearing, the trial court imposed a sentence on both the rape and gross sexual imposition counts, indicated a desire to impose the sentences consecutively, but asserted that it was bound by statute to run the sentences concurrently. That sentence was not ultimately reflected in the court's sentencing entry, however.

{¶30} It is well settled that "a trial court speaks only through its journal entries." *State v. Leason*, 9th Dist. No. 25566, 2011-Ohio-6591, ¶ 8. In its sentencing entry, the trial court reiterated the sentence it orally imposed at the sentencing hearing. However, later in the same entry, the court asserted that it "performed an analysis in accordance with *State v. Johnson*, [128 Ohio St.3d 153, 2010-Ohio-6314]," determined that the rape and gross sexual imposition counts were allied offenses of similar import, and vacated the sentence it previously imposed on gross sexual imposition. The trial court ordered that the count of gross sexual imposition merged into the count of rape, and it imposed a life sentence with the possibility of parole after ten years for rape. Although the trial court's imposition of sentence was confusing, as evidenced by both

parties' misunderstanding of the ultimate sentence imposed, the trial court merged the counts and only imposed a sentence for rape.  Mercer's fourth assignment of error is overruled.

### III.

{¶31} Mercer's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING.

{¶32} I concur. With respect to Mr. Mercer's second assignment of error, I agree that he has not set forth any precedent indicating that R.C. 2945.481 applies to a judge's in camera voir dire of a child. Moreover, Mr. Mercer has not cited to case law that specifically analyzes a trial court's voir dire of a child for competency, nor has he made any argument that such precedent is distinguishable or inapplicable to this case.

APPEARANCES:

THOMAS M. DICAUDO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.