[Cite as *State v. Taylor*, 2013-Ohio-3569.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    12CA010292 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARL TAYLOR | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    01CR058311 |

DECISION AND JOURNAL ENTRY

Dated: August 19, 2013

HENSAL, Judge.

{¶1}  Carl Taylor appeals an order of the Lorain County common pleas court that denied his motion to vacate illegal sentence. For the following reasons, this Court affirms.

I.

{¶2}  In 2001, a jury found Mr. Taylor guilty of purposeful murder and tampering with evidence. The trial court sentenced him to 15 years to life imprisonment. This Court upheld his conviction on appeal. *State v. Taylor*, 9th Dist. Lorain No. 01CA007945, 2002-Ohio-6992.

{¶3}  In August 2012, Mr. Taylor filed a "Motion to Vacate Illegal Sentence," in which he argued that his sentence is void because the trial court's sentencing entry did not comply with Criminal Rule 32(C). Specifically, he argued that the entry did not include the Revised Code section numbers for the offenses and did not reflect the sentence that was pronounced in open court. He asserted that, because the sentencing entry is deficient, he is entitled to a new sentencing hearing. After the trial court denied his motion, Mr. Taylor timely appealed.

II.

ASSIGNMENT OF ERROR

A JUDGMENT OF CONVICTION HAS FOUR (4) ELEMENTS IT MUST MEET BEFORE IT BECOMES A FINAL ORDER SUBJECT TO APPEAL.  A FAILURE TO RESOLVE [SIC] THERE IS NO FINAL ORDER TO WHICH AN OFFENDER MAY APPEAL.

{¶4}    Mr. Taylor argues that the trial court's sentencing entry does not comply with Criminal Rule 32(C) because it "fails to state the statute."  He argues that, instead of specifying whether his conviction was under Revised Code Section 2903.02(A) or 2903.02(B), the entry only provides that he was convicted of murder.  He also argues that the entry does not include the same sentence that was pronounced in open court.  He further argues that there was no evidence of a predicate offense to support a conviction for felony murder under Section 2903.02(B).  The State asserts that his arguments are barred by the doctrine of res judicata because he could have raised them on direct appeal.

{¶5}    The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.  Although Mr. Taylor acknowledges that he filed a direct appeal, he contends that this Court's decision was a nullity because the trial court's sentencing entry did not comply with Criminal Rule 32(C).  *See State v. Rye*, 9th Dist. Summit No. 26576, 2013-Ohio-1774, ¶ 8.  This Court has explained that, until a trial court issues a judgment entry that complies with Rule 32(C), it does not "relinquish its jurisdiction."  *State v. Turner*, 9th Dist. Summit No. 25545, 2011-Ohio-3794, ¶ 6; *State v. Monteleone*, 9th Dist. Lorain No. 10CA009751, 2010-Ohio-5064, ¶ 12 ("A reviewing court requires that a judgment of conviction comply with Crim.R. 32(C) for purposes of finality.  These are judicial mandates necessary to invoke the jurisdiction of the reviewing court * * *.") (Carr, J., concurring).

**{¶6}** Mr. Taylor's argument requires this Court to examine whether the trial court's sentencing entry complied with Criminal Rule 32(C) in order to determine whether his argument that the sentencing entry did not comply with Rule 32(C) is barred by the doctrine of res judicata. Under Criminal Rule 32(C), "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, the Ohio Supreme Court explained that, under the rule, "[a] judgment of conviction is a final order * * * when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at paragraph one of the syllabus.

**{¶7}** The first page of the sentencing entry indicates that Mr. Taylor was found guilty of murder, in "violation of O.R.C. 2903.02(A) * * *." Accordingly, Mr. Taylor's argument that the sentencing entry "fails to state the statute" is without merit. Regarding his argument that the sentencing entry does not reflect what was announced in open court, we note that "[i]t is well settled that 'a trial court speaks only through its journal entries.'" *State v. Mercer*, 9th Dist. Summit No. 26361, 2013-Ohio-1527, ¶ 30, quoting *State v. Leason*, 9th Dist. Summit No. 25566, 2011-Ohio-6591, ¶ 8. Moreover, the trial court told Mr. Taylor the same sentencing terms in open court that it included in its sentencing entry.

**{¶8}** Upon review of the record, we conclude that Mr. Taylor has not demonstrated that the trial court's sentencing entry did not comply with Criminal Rule 32(C). Accordingly, his argument that the sentencing entry does not comply with Criminal Rule 32(C), his argument that the sentencing entry does not include the same sentence that was pronounced in open court, and

his argument that there was no evidence of a predicate offense to support a conviction for felony murder are barred under the doctrine of res judicata because he could have raised them on direct appeal. *Ketterer*, 2010-Ohio-3831 at ¶ 59. Mr. Taylor's assignment of error is overruled.

### III.

**{¶9}** Mr. Taylor's arguments are barred under the doctrine of res judicata. The judgment of the Lorain County common pleas court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

CARL TAYLOR, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.