[Cite as *State v. Taylor*, 2014-Ohio-5738.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 14CA010549 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARL TAYLOR | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 01CR058311 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2014

MOORE, Judge.

{¶1} Defendant, Carl Taylor, appeals from the judgment of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} In 2001, Mr. Taylor was convicted of murder, with an attendant firearm specification, and tampering with evidence. Mr. Taylor appealed his convictions, and this Court affirmed. *State v. Taylor*, 9th Dist. Lorain No. 01CA007945, 2002-Ohio-6992. Mr. Taylor later filed a motion to vacate his sentence, arguing that the trial court failed to comply with Crim.R. 32(C). The trial court denied his motion, and Mr. Taylor appealed. This Court affirmed. *State v. Taylor*, 9th Dist. Lorain No. 12CA010292, 2013-Ohio-3569.

{¶3} Thereafter, Mr. Taylor filed two pro se motions: a "motion to void judgment invoking the castle doctrine" and a "motion to file a delayed post[-]conviction [petition.]" In a journal entry dated January 29, 2014, the trial court denied Mr. Taylor's motions. Mr. Taylor

timely appealed from the journal entry, and he now presents three assignments of error for our review. We have consolidated the assignments of error to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT FAILED TO IDENTIFY THE UNDERLYING OFFENSE TO SUPPORT THE PREDICATE OFFENSE OF MURDER[.]

## ASSIGNMENT OF ERROR II

THE TRIAL COURT FAILED TO APPLY SELF DEFENSE AS A DEFENSE IN THIS CASE IN THE JURY INSTRUCTIONS[.]

## ASSIGNMENT OF ERROR III

THE TRIAL COURT FAILED TO CONSIDER THE MITIGATING FACTORS THAT SUPPORT THE INCLUSION OF LESSER OFFENSE CONSIDERATION IN THE JURY INSTRUCTIONS[.]

{¶4} In his assignments of error, Mr. Taylor alleges the following errors that purportedly occurred at trial: the State failed to provide sufficient evidence to support his murder conviction, the trial court erred in failing to "apply" self-defense, and the trial court erred in failing to instruct the jury on the lesser included offense of voluntary manslaughter. The State responds that these arguments are barred by the doctrine of res judicata.

{¶5} Initially, we note that Mr. Taylor has presented his arguments before this Court pro se. With respect to pro se litigants, this Court has observed:

[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3; *Countrywide Home Loans Servicing, L.P. v. Murphy–Resling*, 9th Dist. Summit No. 25297, 2010-Ohio-6000, ¶ 4.

{¶6} It is well settled that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37. Each of Mr. Taylor's arguments could have been raised in his direct appeal, and they are now precluded by the doctrine of res judicata. *See State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶7} Further, as we understand Mr. Taylor's pro se arguments, he appears to have argued in his "motion to void judgment invoking the castle doctrine," in part, that his due process rights were violated and that his trial counsel was ineffective. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Because he argues that his conviction is void based upon denial of his constitutional rights, we construe Mr. Taylor's motion as a petition for post-conviction relief.

{¶8} R.C. 2953.21 establishes procedures for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides, in part, that:

> [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶9} An exception to the time limit exists if it can be shown both that (1) "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;" and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense. R.C. 2953.23(A)(1)(a) and (b). A defendant's failure to either timely file a petition for post-conviction relief or to meet his burden under R.C. 2953.23(A)(1) deprives a trial court of jurisdiction to entertain the petition. *State v. Kolvek*, 9th Dist. Summit Nos. 22966, 22967, 2006-Ohio-3113, ¶ 7.

{¶10} Here, over eleven years elapsed between Mr. Taylor's direct appeal and his filing of his "motion to void judgment invoking the castle doctrine[.]" Therefore, construing his motion as a petition for post-conviction relief, we conclude it was untimely. Mr. Taylor did not argue in either his "motion to void judgment invoking the castle doctrine" or his later filed "motion to file a delayed post[-]conviction [petition]" that the exceptions contained in R.C. 2953.23(A)(1) apply to this case. Further Mr. Taylor does not argue on appeal that the trial court erred in denying the motion to file a delayed petition. Therefore, the trial court lacked authority

to consider the merits of Mr. Taylor's motion, and there was no error in denying his motion. *State v. Hensley*, 9th Dist. Lorain No. 03CA008293, 2003-Ohio-6457, ¶ 7.

{**¶11**} Accordingly, Mr. Taylor's assignments of error are overruled.

III.

{**¶12**} Mr. Taylor's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

CARL TAYLOR, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.